IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LONDON CRAY DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 4986 |
| | ) | |
| THE CMS OF THE STATE OF ILLINOIS | ) | Judge Jorge L. Alonso |
| and JACI DEBRUN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

London Cray Dixon filed this employment discrimination action against the Illinois Department of Central Management Services ("CMS") and Jaci DeBrun,[1] the CMS Disabled Workers Program Coordinator, alleging that defendants failed to hire him and failed to reasonably accommodate his disabilities, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq*. Before the Court is defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which is granted in large part for the reasons explained below.

**BACKGROUND**

Plaintiff filed the amended complaint (the current complaint) pro se, prior to the Court's recruitment of counsel for him.[2] Plaintiff is a military veteran who, according to a doctor's note attached to the amended complaint, suffers from schizophrenia and post-traumatic stress

---

[1]DeBrun's last name is misspelled as "Dubrum" on the docket.

[2]Counsel was recruited after defendants filed their motion to dismiss. Counsel filed a response to that motion on plaintiff's behalf.

disorder. In the form complaint for employment discrimination, plaintiff checked the boxes stating that the defendants discriminated against him because of his disabilities by "fail[ing] to hire the plaintiff" and "fail[ing] to reasonably accommodate the plaintiff's disabilities." (R. 8, Am. Compl. at 4.) For the facts supporting his claim, plaintiff stated: "When I applied for the position presented on application and by the time I took the e[x]amination, the Chicago Branch [of CMS] told me that I had to reapply in order to take the test or the second test score did not qualify." The Court can infer from the exhibits attached to the complaint that plaintiff sought employment with the State of Illinois for the position of "office aide" and that he took the required examination, received a passing grade of "C," and was placed on the "pass" list for eligibility for the Successful Disability Opportunities Program. Evidently, plaintiff was not hired by any state agency.

## DISCUSSION

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

A.  **Defendant Jaci DeBrun**

The ADA does not impose liability on individuals unless they are "employers" as defined by the statute, *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995), which DeBrun is not. *See Silk v. City of Chi.*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) (stating that the ADA "provides only for employer, not individual, liability" and that Seventh Circuit case law "is clear that a supervisor cannot be held liable in his individual capacity under the ADA"). As a result, plaintiff does not and cannot state a viable ADA claim against DeBrun. Plaintiff "recognizes" the *Silk* line of cases but "requests that the Court apply contrary law [from other circuits] that is more consistent with the actual language of the ADA." (R. 31, Pl.'s Resp. at 5.) This Court is bound by Seventh Circuit precedent, unless it has been overruled or events subsequent to the last decision of the Court of Appeals make it almost certain that the higher court would repudiate that decision. *See Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986). Those exceptions do not apply here. Accordingly, this action will be dismissed with prejudice as to defendant DeBrun.

B.  **Failure to Accommodate**

Defendants contend that plaintiff fails to state a claim for failure to accommodate. The complaint indeed fails to allege how defendants failed to accommodate any disability. In his

3

response to defendants' motion, plaintiff does not address this argument and therefore waives his right to contest the dismissal of his failure-to-accommodate claim. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

**C.     Failure to Hire**

Defendants argue that plaintiff's failure-to-hire claim fails because he does not "provide any factual allegations" in support of it. (R. 22, Defs.' Mem. Supp. Mot. at 6.) Little information is needed, however, to put defendant on notice of the claim; all plaintiff need allege is that he was turned down for a job because of his disability. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); and *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781-82 (7th Cir. 2007)). The complaint nonetheless fails to satisfy this minimal standard because it does not allege that plaintiff has a disability or specify the alleged disability, nor does it allege that CMS engaged in any discriminatory conduct toward plaintiff because of the disability.

In response to defendants' motion, plaintiff states that he was diagnosed with schizophrenia and post-traumatic stress disorder in 1980 and that these disabilities substantially limit his life activities. (Pl.'s Resp. at 7.) The Court could consider these facts as consistent with the complaint and thus supplementing it, *see Smith v. Dart*, --- F.3d ----, 2015 WL 5656844, at *5 (7th Cir. Sept. 25, 2015), but, as discussed below, because plaintiff's failure-to-hire claim has other pleading defects, the preferable route in the Court's view is for plaintiff to file a second amended complaint setting out these allegations.

CMS also argues that plaintiff cannot allege that CMS was his employer or caused him any employment-related harm. (Defs.' Mem. Supp. Mot. at 8-9.) In response, plaintiff contends

4

that because of his disabilities, various state agencies failed to hire him. (Pl.'s Resp. at 10.) Plaintiff concedes that while CMS was not his "employer" or "prospective employer," it was acting as an "employment agency" and therefore can be liable under the ADA. (*Id.* at 7 (citing 42 U.S.C. § 12111(2) (a "covered entity" that can be liable for discrimination under the ADA "means an employer, employment agency, labor organization, or joint labor-management committee")).) The term "employment agency" is defined as "any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S.C. § 12111(7); 42 U.S.C. § 2000e(c). The term "person" includes governmental agencies. 42 U.S.C. § 2000e(a).

Plaintiff asserts in his response brief that CMS administers the examinations described in the complaint and "has created both the Open Competitive and Successful Disability eligibility lists without compensation to procure employees for other state agencies," and furthermore that CMS "controlled some of the process" for plaintiff to obtain employment with other state agencies. (Pl.'s Resp. at 8-9.) Because the amended complaint does not allege these facts or any other facts from which the Court could plausibly infer that CMS is an employment agency for purposes of the ADA, the amended complaint will be dismissed without prejudice as to CMS, and plaintiff will be given leave to file a second amended complaint that sets out such allegations and allegations about his disabilities, as discussed above. Plaintiff also fails to allege how *CMS itself* discriminated against him or participated in a discriminatory act, which he will have to plead in order to state an ADA claim against CMS, if he can do so consistently with Federal Rule of Civil Procedure 11.

The Court declines to dismiss the amended complaint with prejudice, as CMS requests. CMS maintains that it would be futile to allow plaintiff to file an amended complaint, but the Court is unpersuaded. CMS's argument improperly strays into the merits of plaintiff's claim. CMS also relies on Exhibit B to its opening memorandum, which contains materials that are outside the pleadings and will not be considered on a motion to dismiss.[3]

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the amended complaint [21] is granted in large part. Defendant Jaci DeBrun is dismissed with prejudice. The amended complaint is dismissed without prejudice as to defendant Illinois Department of Central Management Services. Plaintiff may file by November 30, 2015 a second amended complaint that is consistent with this memorandum opinion and order as well as Federal Rule of Civil Procedure 11.[4]

---

[3]On a motion to dismiss, a court may consider only the allegations of the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice, such as public records. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639-40 (7th Cir. 2008). CMS contends that the Court may take judicial notice of the two exhibits it has attached to its memorandum because they are public records. (Defs.' Mem. Supp. Mot. at 2 n.2.) Exhibit A, which is a document that describes the Successful Disability Opportunities Program (the "Program") and can be found on the website of the Illinois Department of Revenue, does appear to be a record made by CMS and thus a public record. (R. 22-1.) Exhibit B, however, appears to be a printout that contains several slides from a presentation about the Program that DeBrun may have made at the Lansing Public Library. (R. 22-2.) It is not clear why the Court should consider Exhibit B to be a public record, and CMS fails to develop its argument.

[4]In the second amended complaint, plaintiff should refer to CMS in the caption as the "Illinois Department of Central Management Services."

**SO ORDERED.**          **ENTERED:**     November 3, 2015

_____
**JORGE L. ALONSO**
**United States District Judge**