# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LONDON CRAY DIXON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 14 C 4986 |
| THE CMS OF THE STATE OF ILLINOIS, | ) ) | Judge Jorge L. Alonso |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant's motion to dismiss the third amended complaint, which is granted in part and denied in part for the reasons explained below.

## PROCEDURAL HISTORY

On November 3, 2015, the Court dismissed plaintiff London Dixon's amended complaint and gave him leave to file another amended complaint to try to state claims against the Illinois Department of Central Management Services ("CMS") for failure to hire and failure to reasonably accommodate his disabilities, in violation of the Americans with Disabilities Act ("ADA").

The current complaint is the third amended complaint, which plaintiff filed pro se and CMS moves to dismiss with prejudice. Plaintiff filed three statements in response to the motion, (ECF Nos. 51, 52, and 55), which the Court will construe together as plaintiff's response.

# DISCUSSION

## A. Legal Standards

When evaluating the sufficiency of a complaint, the Court construes it in the light most favorable to the plaintiff, accepts as true all well-pleaded facts therein, and draws all reasonable inferences in plaintiff's favor. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court is mindful that pro se pleadings are to be construed liberally and held to less exacting standards than those prepared by counsel. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

## B. Analysis

Plaintiff alleges in his third amended complaint that CMS discriminated against him because of his disability by failing to hire him and failing to accommodate his disability. Plaintiff's narrative is as follows, in its entirety: "In 2012 Plaintiff filled out an application and passed an examination for a job with the State of Illinois through Defendant agency. Defendant never contacted Plaintiff again concerning any job opportunity, though Plaintiff has reason to believe jobs were available, including Office Aid[e], which Plaintiff is qualified for." (ECF No. 47, Third Am. Compl. ¶ 13.) In his request for relief, plaintiff seeks an order directing CMS to hire him and to reasonably accommodate his disability. (*Id.* ¶ 16.) Plaintiff also seeks money damages. (*Id.* at 6; ECF No. 58.)

CMS first contends that plaintiff has not stated a claim for failure to accommodate because he alleges no facts whatsoever regarding any accommodations he sought or was denied. (ECF No. 49, Def.'s Mem. Supp. Mot. at 5.) In his response brief, plaintiff states that he has schizophrenia and that when he was at a CMS job fair for veterans, he asked for (and was evidently denied) help filling out a job application, better lighting, a quiet room, and copies of completed applications and test scores at the end of the test. (ECF No. 52.) These allegations are not contained in the complaint, but the Court can consider facts that a plaintiff alleges in a brief in opposition to a motion to dismiss, as long as those facts are consistent with the complaint's allegations (which they are here). *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015). Because the ADA protects qualified individuals with a disability from discrimination not just in employment, but in job-application procedures as well, 42 U.S.C. § 12112(a), plaintiff states a claim for failure to accommodate.

CMS also contends that plaintiff's claim should be dismissed because he fails to allege that CMS was his employer or prospective employer. As noted in the Court's opinion of November 3, 2015, employment agencies are among the entities that can be liable for discrimination under the ADA. (ECF No. 39, Mem. Op. and Order at 5 (citing 42 U.S.C. § 12111(2)).) An employment agency is defined as a governmental agency that regularly undertakes to procure employees for an employer or to procure for employees opportunities to work for an employer. (*Id.* (citing 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(c)).) Plaintiff asserts in his response brief that CMS procures employees for state agencies, controls some of the process for employment with state agencies, and administers the examinations plaintiff took in an effort to obtain employment with the State of Illinois. Accordingly, plaintiff has sufficiently alleged that CMS is an employment agency subject to the provisions of the ADA.

As for plaintiff's failure-to-hire claim, CMS argues that plaintiff's third amended complaint suffers from the same pleading deficiencies the Court discussed in its prior opinion. In his response to CMS's motion, plaintiff cures most, but not all, of these deficiencies. Although plaintiff specifies his disability and sufficiently alleges that CMS is an employment agency subject to the ADA, he still fails to allege how CMS itself discriminated against him or participated in a discriminatory act. Plaintiff's claim is based on his allegations that he applied for a state job through CMS, which was functioning as an employment agency, and he was not hired or contacted again about any job opportunity. But plaintiff alleges no facts from which it could reasonably be inferred that CMS was responsible for other agencies' hiring decisions or that CMS failed or refused to refer plaintiff to those agencies for employment. Therefore, plaintiff's failure-to-hire claim is dismissed. The dismissal will be with prejudice because the Court does not envision a possibility of successful amendment and, furthermore, plaintiff has had multiple opportunities to plead a viable claim for failure to hire and has been unable to do so. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to amend and has failed to cure a defective claim).

## CONCLUSION

Defendant's motion to dismiss the third amended complaint [48] is granted as to plaintiff's claim for failure to hire and denied as to plaintiff's claim for failure to accommodate. Plaintiff's failure-to-hire claim is dismissed with prejudice. A status hearing is set for August 25, 2016 at 9:30 a.m. to discuss the next steps in this case. Plaintiff has indicated in multiple filings his interest in discussing settlement, so the Court plans to discuss with the parties at the status hearing whether settlement is a realistic possibility at this stage of the case and whether a settlement conference conducted by the Court or the magistrate judge could assist the parties.

**SO ORDERED.**  ENTERED: August 5, 2016

_____
**JORGE L. ALONSO
United States District Judge**